Luke Garcia - SBN: 260954
The Law Office of Luke Garcia
PO Box 6250
Folsom, CA 95763
Ph: 916-302-2323
E-mail: info@lukegarcialaw.com

Attorney for Movant Sara Gholampour, Creditor and Landlord

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>LORENA AVALOS<br><br>, Debtors | Case No. 2023-24622<br><br>DCN: LBG-001<br><br>Chapter 7<br><br>Hearing Date: May 1, 2024<br>Hearing Time: 10:00 AM<br>Hon. Christopher M. Klein<br>Courtroom 35 - Dept C |

### MOTION FOR RELIEF FROM THE

### AUTOMATIC STAY PROVISION OF 11 USC § 362(a)

Luke Garcia, the attorney for Sara Gholampour, the Movant herein, hereby moves this Court for an Order granting relief from the automatic stay provision of U.S.C. § 362(a), for purposes if allowing Movant to recover possession of the real property located at 1273 Oakbriar Circle, Roseville, CA 95747 (the "Property"). In support of this Motion, the Movant respectfully represents:

1. This case was commenced by the filing of a voluntary petition by the Debtor in pro per on December 26, 2023. The debtor did not file complete documents. Kimberly J. Husted has been duly appointed to serve as the Chapter 7 Trustee on this case.

2. Pursuant to Title 11, US Codes §341, a Meeting of Creditors was conducted on January 26, 2024. The debtor did not appear. The continued 341 hearing occurred on 2/16/2024 and the Trustee has concluded this meeting.

3. 2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334; 157(b) and 11 U.S.C. §§ 362, 363 and 552(b).

4. 3. MOVANT, the owner of the Property, entered into a written lease agreement with Lorena Avalos ("Debtor") for the Property on July 26, 2021 with an extension signed on June 8, 2022. Pursuant to the terms of the Lease, the rent of $3000.00 was due on or before the first day of each month. A true and correct copy of the Lease and extension is attached hereto as Exhibit "1". (See Declaration of Sara Gholampour; and Exhibit 1.)

5. Debtor, who currently occupies the Property, failed to pay rent in the amount of $3,000.00 for the months of September, October, November, and December of 2023, and was served a Notice to Pay Rent or Quit ("Notice") by Movants Unlawful Detainer Attorney on December 21, 2023. (See Declaration of Attorney Larry Ring and Declaration of Movant Sara Gholampour).

6. On December 28, 2023, after Debtor failed to comply with the Notice, MOVANT filed an action for Unlawful Detainer in the Superior Court of California, County of Placer case number M-CV-0085809. A true and correct copy of the Unlawful Detainer Complaint is attached hereto as Exhibit "2". (See Declaration of Larry Ring).

7. Debtor filed the instant bankruptcy petition on December 26, 2023 (a not too uncommon event in the face of an unlawful detainer) and failed to vacate the property or pay the past due rents. However, the debtor did not notify Movant, Movants Attorney, or the State

Court of the bankruptcy. Nor did the debtor list the Movant or the Movants attorney Larry Ring in the address listing. Movant and movants Attorney were known to the debtor both before and after the filing of the bankruptcy. (Declaration of Larry Ring and Sara Gholampour).

8. As can be seen from the declaration of Lawrence Ring, the debtor has been engaging in a purposefully delay, harass, and abuse the Movant as well as the Court and the Trustee. It appears to be a scheme to deny the movant of the opportunity to prosecute her rights to regain possession of her property. Most specifically to note are the following:

   a. Debtor did not list anything related to her rental property or relationship in any of her schedules (both initial and amended). These rental relationship and the existence of an attorney representing the landlord are beyond doubt an item known to debtor due to her active participation in the unlawful detainer

   b. Debtor has filed 2 motions (one to disqualify the state court judge and another to frivolously Quash which was summarily denied in both her first and second unlawful detainer cases) however debtor has actively not informed movant, attorney, or state court of the pending bankruptcy proceeding and thereby is abusing and deceiving that state court and causing extensive waste of both that court and this courts time as well as causing tremendous legal costs to the creditor by withholding notice of this Chapter 7 case.

   c. Debtor only informed the state court and the landlord and Mr. Ring of this Chapter 7 filing on March 25, 2024 almost 3 months after filing and after participating in the Unlawful Detainer (which we frequently refer to as "returning to the fray").

   d. Debtor continues to make dilatory actions and filings within the present case. Debtor skipped the first 341 hearing and filed a motion to extend deadline to file her missing schedules (which were very incomplete). Debtor then filed a motion to

extend her deadline to file the financial management course (citing extreme financial duress but no details, and claiming a health issue too personal to mention). Only on the 10th of April did debtor did finally file an amended master address list which includes Mr. Ring but still does not list anything regarding the landlord creditor, Sara Gholampour. Debtor still has filed no required disclosures about the existing rental relationship and has not listed an intention related to the lease.

    e. Finally, there is ample evidence to support the assertion that the Debtor is seeking guidance in the form of unlicensed legal advice from a Gavin Mehl, who has been told to cease and desist by the California State Bar for unlicensed practice of law and has either himself as "John Mehl" or having a relative named John Mehl assist in the serving of process as well as advising and drafting Debtors documents for her to aide her in harassing, delaying, and abusing both the State and Federal courts as well as this creditor landlord. See Exhibit 3.

    f. Further review of the federal docket finds cases 20-21316; 20-20713; and 19-26296 under the name Gavin Mehl as a debtor in Pro Per. There was extensive use of the automatic stay in those proceedings, as well as the pubished list from the California State Bar with a cease and desist issued to Gavin Mehl of Sacramento county. We will however need to gain further evidence from the debtor to be certain that this is the same person.

9. Good cause exists to vacate, modify, or annul the automatic stay, pursuant to 11 U.S.C. § 362(d)(2), on grounds DEBTORS have no equity in the property and the property is not necessary to an effective reorganization. A creditor need not prove the property is not necessary to an effective reorganization, where the bankruptcy proceeding is brought under Chapter 7. It need only prove Debtors have no equity in the property. In re Preuss

(Bankr. 9th Circuit, 1981) 15 B.R. 896, 897. This law has been extended to cases filed under Chapter 13 as well. In re Branch (Bankr. E.D.NY. 1981) 10 B.R. 227, 229. Here, Debtors have no ownership interest in the subject property nor may Debtors generate income by transferring their interest in the lease. As a result, Movant is entitled to relief pursuant to 11 U.S.C. § 362(d)(2).

10. The Movant respectfully request that this Court enter an order allowing it to proceed with the Unlawful Detainer for Possession of the Premises and to pursue money owed occupancy post filing of the Chapter 7, and for In Rem relief to further bar any future bankruptcy from disrupting the Movant as it seeks to recover possession of the Premises. And that the relief from stay be granted and a 180 day bar pursuant to section 109(g) for failure to comply with the bankruptcy filing requirements be imposed.

WHEREFORE, Movant prays:

1. For an Order granting Movant relief from the automatic stay provisions of 11 U.S.C. § 362(a) of the Bankruptcy Code, pursuant to 11 U.S.C §§ 362(d)(1) and 362(d)(2);

2. For an Order modifying and annulling the automatic stay provisions of 11 U.S.C. § 362(a) of the Bankruptcy Code to allow Movant to employ all state court remedies to obtain possession of the real property located at 1273 Oakbriar Circle, Roseville, Ca 95747, using any and all valid State remedies, including but not limited to continuing with the unlawful detainer action already filed and ready for trial in the Superior Court of California, County of Placer case number M-CV-0085809;

3. For a waiver of Section 11 USC 4001(a)(3) based on the facts presented;

4. For an order allowing Movant to proceed with the Unlawful Detainer for Possession of the

Premises and money owed and to further bar any future bankruptcy from disrupting the Movant as it seeks to recover possession of the Premises For such other and further relief or damages as is to the Court just and proper.

Respectfully submitted on April 16, 2024

/s/ *Luke Garcia*
Luke Garcia