# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:                             ) Case No. 23-24622-C-7
                                   )
LORENA AVALOS,                     ) DCN: LGB-1
                                   )
           Debtor.                 )
_____

## MEMORANDUM ORDER

The Movant filed this Motion seeking relief from the automatic stay with respect to the real property she owns commonly known as 1273 Oakbriar Circle, Roseville, California, which property is occupied by the debtor. Movant wishes to proceed with a pending unlawful detainer action in state court.

Thirteen days after this Motion was filed on April 16, 2024, the discharge of the debtor was entered pursuant to 11 U.S.C. § 727(a) and Federal Rule of Bankruptcy Procedure 4004(c). Dkt. 64 (April 29, 2024).

By virtue of 11 U.S.C. § 362(c)(2)(C), the automatic stay of any act against the debtor in the chapter 7 case of an individual expires upon entry of the discharge.

It follows that, as a matter of law, the motion for relief from stay has become MOOT. There is nothing that remains for this Court to decide with respect to the stay of the unlawful detainer action regarding subject premises.

The automatic stay having expired as a matter of law, there is no current impediment of bankruptcy law to the continued prosecution of an unlawful detainer action in a nonbankruptcy court of competent jurisdiction.

The Movant further made a conclusory reference in the text of the Motion to an "in rem" determination and a 180-bar to filing another case, with a citation to 11 U.S.C. § 109(g).

Although an issue regarding "in rem" relief under § 362(d)(4) is not necessarily mooted by the expiration of the stay per § 362(c)(2)(C), the Movant did not specifically invoke § 362(d)(4) in the Motion. Nor did Movant include in its prayer a request for a determination that the filing of the petition was part of a scheme to hinder, delay, or defraud creditors that involved either transfers of interests in real property or multiple bankruptcy filings. 11 U.S.C. § 362(d)(4).

Nor does it appear that the Movant could obtain a § 362(d)(4) determination. The Movant, as owner of the premises, is not a secured creditor. Nor are any transfers alleged. Nor have there been multiple bankruptcy filings.

This Court is mindful that the Movant describes a merry chase that the debtor has led through various procedures of the state unlawful detainer court that arguably amount to a campaign to hinder or delay eventual entry of an unlawful detainer judgment.

If the filing of this case was part of that campaign, then it merely slowed the process. This chapter 7 case was filed December 26, 2023, Movant's stay relief motion could have been filed immediately, but was not filed until April 16, 2024, only to be rendered moot by the April 29 discharge. If the stay relief motion had been made early in the case, it might have been granted for cause based on the state court history.

Finally, the Movant's invocation of § 109(g)(1) is

inapposite. There has been no case dismissal that would trigger § 109(g). If the Movant wants this court to enter an injunction prohibiting further filings for 180 days or any other period, an adversary proceeding is required that complies with the settled standards for entry of an injunction.

**IT IS ORDERED** that the Motion for Relief From Stay is DENIED as MOOT because of the entry of the individual debtor's discharge.

**IT IS FURTHER ORDERED** that the request for "in rem" relief is DENIED for the reasons stated herein.

Dated: May 11, 2024

United States Bankruptcy Judge

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Lorena Avalos
1273 Oakbriar Cir
Roseville, CA 95747

Luke Garcia
The Law Office of Luke Garcia
PO Box 6250
Folsom, CA 95763

Kimberly J. Husted
11230 Gold Express Dr #310-411
Gold River, CA 95670

Office of the United States Trustee
501 I Street, Room 7-500
Sacramento CA 95814