**4**

Dane W. Exnowski, SBN 281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-983-5365
BK.CA@McCalla.com

Attorney for Carrington Mortgage Services LLC

## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br>Laura Avalos,<br><br><br><br><br><br><br><br><br><br><br>Debtor. | Case No. 23-24622<br>Chapter 7<br>Docket Control No. DWE-002<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO ANNUL AUTOMATIC STAY RETROACTIVELY TO THE EXTENT IT AFFECTED ITS FORECLOSURE, POST-FORECLOSURE TRUSTEE'S DEED, AND SUBSEQUENT UNLAWFUL DETAINER ACTION**<br><u>Hearing</u>:<br>Date: August 21, 2024<br>Time: 10:00 A.M.<br>Place: 6th Floor, Courtroom 35<br>          501 I Street, Suite 3-200<br>          Sacramento, California 95814 |

**TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

Carrington Mortgage Services LLC ("Movant") hereby files this Memorandum of Points & Authorities in support of its Motion to Annul the Automatic Stay Retroactively to the extent it affected Movant's foreclosure, post-foreclosure trustee's deed, and its unlawful detainer action related to the real property located at 1875 VENTURA DRIVE, PITTSBURG, CA 94565 ("Property") and its eviction action: CARRINGTON MORTGAGE SERVICES LLC v. RENO R. GOLEZ, Case No. PS24-0311, Superior Court of California, County of Contra Costa ("UD Action").

## I. INTRODUCTORY STATEMENT

Movant hereby moves this Court for an Order annulling the automatic stay arising in this case as will follow. This Motion is based upon the following points and authorities and the declaration and exhibits filed concurrently herewith.

## II. STATEMENT OF FACTS

1. **Case history:** Lorena Avalos ("Debtor") filed the instant Chapter 7 voluntary bankruptcy petition on December 26, 2023 as bankruptcy case number 23-24622

2. **The Property at issue:** The address of the real property that is the subject of this motion is 1875 VENTURA DRIVE, PITTSBURG, CA 94565 (the "Property").

3. Movant held a deed of trust on the Property. The trustor under the deed of trust was original borrower Reno R. Golez. The Debtor herein is not a borrower as to Movant's loan and deed of trust.

4. On or about 12/27/2023, without knowledge of the instant case, Movant foreclosed upon the Property and it was the successful purchaser. Movant's trustee's deed upon sale was recorded against the Property on 2/14/2024. **See Exhibit A.**

5. On 3/06/2024, without knowledge of the instant case, Movant filed its UD Action to obtain possession of the Property as it was occupied by Reno R. Golez post-foreclosure. **See Exhibit B.**

6. On 4/22/2024, an individual purporting to be the Debtor herein, Lorena Avalos ("Avalos"), filed an answer to the UD Action ("Answer"), alleging that the UD Action violated the stay of the instant case, as Avalos claimed to be in possession of the Property at or around the time of the instant case and remained in possession since the petition date. **See Exhibit C.**

7. Movant was entirely unaware of the instant case until Avalos filed her Answer to the UD Action. Movant believes Avalos's assertion of having a possessory interest is without merit and was done solely to delay the UD Action.

8. For example: **(a)** Petition [docket 1] shows Debtor Avalaos lived at 1273 Oakbriar Cir, Roseville, CA as of petition date (and this property owner even filed its own eviction relief from stay motion); **(b)** Both schedules and amended schedules (dockets 26 and 33, respectively) show no legal or equitable interest in any real property in Schedule A; nor any leases or executory contracts in Schedule G [in both the original and amended versions]; and **(c)** On April 24, 2024 [merely two days after Debtor filed her

Answer to the UD Action], Debtor Avalos amended her Schedule G to reference a contract (rent) for 1273 Oakbriar Cirle *and* Movant's Property [1875 Ventura Drive]. Notably, Debtor listed the contracting party as Mark Domeyer, who is the attorney of record for Movant in the UD Action, and not the owner of the Property. **See Exhibit D.**

### III. GROUNDS FOR RELIEF FROM STAY – CAUSE EXISTS TO ANNUL THE STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

The proper standard for determining whether "cause" exists to annul the automatic stay retroactively is a "balancing of the equities" test. In Re Fieldsted, 293 B.R. 12, 24 (9th Cir. BAP 2003) (citing In Re National Environmental Waste Corp., 129 F.3d 1052, 1055 (9th Cir. 1997). Generally, Courts look to "1) [w]hether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." Id. (internal citation omitted). However, these two factors are not dispositive; courts employ many factors which examine the debtor's and creditor's good faith, the prejudice to the parties, the judicial or practical efficacy of annulling the stay, how quickly creditor moved for annulment, and ease of restoring parties to status quo ante. *In Re Fieldsted, supra,* 293 B.R. at 24-25.

'Cause' exists to annul the Automatic Stay to the extent it affected Movant's foreclosure and post-foreclosure trustee's deed related to the Property and the UD Action. First, Movant was unaware of the instant case when it took the above-mentioned steps related to foreclosure and its UD Action. Second, Debtor lacks good faith in that she claimed no interest in the Property until well into Movant's UD Action and thereafter amended her Schedule G to claim a purported lease on the Property. Third, Movant moved relatively quickly in seeking this relief and it would be greatly prejudiced if annulment is not granted; it would possibly have redo its foreclosure and it would have refile its UD Action based on a mere late-made assertion by Debtor that she had some possessory interest in the Property, despite listing no interest therein in the originally filed schedules.

Finally, Debtor would suffer no prejudice and the ease or restoring the parties 'status quo ante' is present; she is not a borrower and her claim of possession is without merit: her petition lists her residence as '1273 Oakbriar Cirle' and only claimed a post-hoc interest in Movant's Property to stall its UD Action. Annulment would not nothing more than allow Movant to continue with what it is lawfully allowed to

do, which is continue with its UD Action to remove the borrower from the Property. Based upon the foregoing, cause exists to annul the automatic stay retroactively.

### IV. CONCLUSION

Movant prays for entry of an Order Annulling the Automatic Stay Retroactively to the extent it affected Movant's foreclosure, post-foreclosure trustee's deed, and its unlawful detainer action related to the real property located at 1875 VENTURA DRIVE, PITTSBURG, CA 94565 ("Property"). Further it requests waiver of the 14-day stay of Bankruptcy Rule 4001(a)(3) due to Debtor's bad faith and so as to not delay Movant's UD Action for another two weeks.

Dated: 7/11/2024

Respectfully Submitted,
McCalla Raymer Leibert Pierce, LLP

By: _/s/ Dane Exnowski_
Dane W. Exnowski
Attorney for Movant